**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin Omar RAMIREZ–BUSTA-**
**MANTE, a.k.a. Martin Omar Ramirez,**
**a.k.a. Mario Rodriguez–Vasquez, De-**
**fendant–Appellant.**

**Nos. 15–10148, 15–10149.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

Decided March 21, 2016.

Ryan P. Dejoe, Assistant U.S., USTU–
Office of the U.S. Attorney, Tucson, AZ,
for Plaintiff–Appellee.

Dan W. Montgomery, Law Office of Dan
Montgomery, Tucson, AZ, Defendant–Ap-
pellant.

Before: GOODWIN, LEAVY, and
CHRISTEN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Martin
Omar Ramirez–Bustamante appeals the
24–month sentence imposed following his
guilty-plea conviction for reentry of a re-
moved alien, in violation of 8 U.S.C.
§ 1326, and the 21–month partially consec-
utive sentence imposed upon revocation of
supervised release. We have jurisdiction
under 28 U.S.C. § 1291, and we affirm.

Ramirez–Bustamante contends that the
district court erred by imposing the sen-
tences to run partially consecutive, rather
than fully concurrent. He argues that the
aggregate 36–month sentence is substan-
tively unreasonable in light of his age,
military service, and reasons for reenter-
ing the United States. The district court
did not abuse its discretion in imposing
Ramirez–Bustamante's sentence. *See Gall
v. United States*, 552 U.S. 38, 51, 128 S.Ct.
586, 169 L.Ed.2d 445 (2007). The aggre-
gate sentence is substantively reasonable
in light of the relevant 18 U.S.C. § 3553(a)
sentencing factors and the totality of the
circumstances, including Ramirez–Busta-
mante's criminal and immigration history.
*See Gall*, 552 U.S. at 51, 128 S.Ct. 586;
*United States v. Simtob*, 485 F.3d 1058,
1062–63 (9th Cir.2007); *see also* U.S.S.G.
§ 7B1.3(f) (recommending that a revoca-
tion sentence run consecutively to any oth-
er term of imprisonment).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.